### George Davis v. The State.

No. 3907.   Decided December 4, 1907.

**1.—Assault With Intent to Murder—Charge of Court.**

Where upon trial for assault with intent to murder, the court charged on the issue of self-defense that defendant was justified in using all the necessary and reasonable force to protect himself but no more than the circumstances reasonably indicated to him at the time to be then necessary, and in a subsequent portion of the charge gave a full and complete presentation of every reasonable phase of self-defense presented by the evidence, there was no error.

**2.—Same—Charge of Court—Apparent Danger.**

Where upon trial for assault with intent to murder, the court in his charge instructed the jury that a reasonable apprehension of death or serious bodily

injury would excuse defendant in using all the necessary force to protect his life and person, and also charged on real and apparent danger, there was no error, although the evidence merely suggested real danger from defendant's standpoint.

**3.—Same—Charge of Court—Abandonment of Difficulty.**

Where upon trial for assault with intent to murder the evidence showed an altercation between defendant and prosecutor, in which each claimed that the other was the aggressor; that thereafter defendant went to his house, after the first difficulty was settled, and then the prosecutor went towards the defendant's house and when within fifteen or twenty feet thereof was fired upon by the defendant, whereupon prosecutor dropped his gun and ran, a charge of the court that if prosecutor renewed the difficulty, defendant's right of self-defense would revive, although he was the aggressor in the first instance, was favorable to defendant and not on the weight of the evidence.

Appeal from the District Court of Leon.  Tried below before the Hon. Gordon Boone.

Appeal from a conviction of assault with intent to murder; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Wm. Watson & Joe H. Seale,* for appellant.—Upon question of charge and necessary reasonable force in self-defense:  Gilly v. State, 15 Texas Crim. App., 302; Scraggs v. State, 31 Texas Crim. Rep., 563; Ward v. State, 30 Texas Crim. App., 687; White v. State, 29 Texas Crim. App., 531; 16 S. W. Rep., 340; Cochran v. State, 28 Texas Crim. App., 422; 13 S. W. Rep., 651.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to murder and his punishment assessed at two years confinement in the State penitentiary.

The court's charge presented the issues of assault with intent to murder, aggravated assault and self-defense, to the jury.  We find no bills of exception in the record.  The first ground of the motion for a new trial complains of the following charge of the court: "Every person is permitted by law to defend himself against an unlawful attack reasonably threatening death or serious bodily injury to his person, and is justified in using all the necessary and reasonable force to protect himself but no more than the circumstances reasonably indicate to him at the time to be then necessary."  Appellant insists that this charge is too restrictive and limits his right of self-defense.  A subsequent portion of the charge gives a full and complete presentation of every reasonable phase of self-defense, presented by the evidence in this case, and the criticism is without merit.

The second ground of the motion complains of the following charge: "A reasonable apprehension of death or serious bodily injury will excuse a person in using all the necessary force to protect his life or person."  Defendant objects to same because it limits appellant's rights

to protect himself against all real and apparent danger, as viewed from his standpoint. This charge certainly could not have injured appellant. The court charged the jury on real and apparent danger, and the fact that the evidence merely suggests real danger, from appellant's standpoint would certainly not render such charge harmful. If the danger was real, it was necessarily apparent and the charge, therefore, is not a cause for reversal of this case.

Appellant complains of the following charge: "Should you believe from the evidence beyond a reasonable doubt that the defendant was the aggressor in the difficulty in the field; but should believe from the evidence that the said defendant abandoned such difficulty in good faith, then you are instructed that if you believe from the evidence that the said Haywood Davis renewed the difficulty at the house, the defendant's right of self-defense would revive." The objection to the charge is that the same is on the weight of the evidence and that it is an intimation by the court that the defendant was the aggressor in the fight. The evidence in the case, in substance shows, that the defendant and the injured party lived in the same house; that on the morning previous to the difficulty they went hunting together and returned home about 12 o'clock. They went to their cotton field where some neighbors of theirs had come to help them pick cotton, and appellant and the injured party got into an altercation. The testimony on the part of the State shows that appellant was the aggressor, and the testimony on the part of appellant shows that the injured party was the aggressor. Both parties drew their guns; appellant went on to the house after the first difficulty was settled, and shortly afterwards the prosecuting witness went to the house. When the injured party got within fifteen or twenty feet of the house, the defendant who was in the house fired upon prosecuting witness twice and shot him. Thereupon, the injured party dropped his gun and ran. In the light of this statement, the charge of the court was favorable to appellant and could not have injured him since the charge of the court states to the jury that if appellant was the aggressor in the first instance, yet, his right of self-defense in the house would be revived, provided he had abandoned the difficulty. This charge was a favorable charge to appellant, was not upon the weight of the evidence but a proper presentation of the law.

We find no error in this record and the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

[Motion for rehearing overruled February 26, 1908, without written opinion.—Reporter.]